IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

JANICE M. O'REILLY,                    )
                                       )
          Plaintiff,                   )
                                       )
vs.                                    )          Case No. 16-06098-CV-SJ-ODS
                                       )
NANCY A. BERRYHILL,[1]                 )
Acting Commissioner of Social Security, )
                                       )
          Defendant.                   )

ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION
DENYING BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS

       Pending is Plaintiff's appeal of the Commissioner of Social Security's decision
denying her application for disability insurance benefits.  For the reasons set forth
below, the Commissioner's decision is reversed, and the case is remanded for further
proceedings.

       1.     When determining whether a claimant is disabled, the Administrative Law
Judge ("ALJ") employs a five-step process.  *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir.
2010).  At step one, which is relevant here, the ALJ evaluates whether the claimant is
engaging in substantial gainful activity.  R. at 16; *Dixon v. Barnhart*, 353 F.3d 602, 605
(8th Cir. 2003).  After examining Plaintiff's quarterly wage reports, the ALJ found Plaintiff
engaged in substantial gainful activity in the first and second quarters of 2014 when she
worked for Corporate Cleaning Group and the Internal Revenue Service.  R. at 17.
Plaintiff argues these positions were unsuccessful work attempts, and do not amount to
substantial gainful activity.  The ALJ did not consider whether Plaintiff's work in 2014
was an unsuccessful work attempt.  On remand, the ALJ is instructed to consider
whether Plaintiff's positions with Corporate Cleaning Group and the Internal Revenue
Service in the first and second quarters of 2014 constitute substantial gainful activity, or
were unsuccessful work attempts pursuant to 20 C.F.R. § 404.1574(c).

_____
[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for
former Acting Commissioner Carolyn A. Colvin as the Defendant in this suit.

2.     The ALJ must obtain consultative examinations to determine the extent of Plaintiff's physical and mental limitations.  "While a claimant for benefits has the burden of proving a disability, the Secretary has the duty to develop the record fully and fairly, even if ... the claimant is represented by counsel."  *Boyd v. Sullivan*, 960 F.2d 733, 736 (8th Cir. 1992) (citation and internal quotation omitted); 20 C.F.R. § 416.919a(b) (stating that a medical examination may be obtained if the administrative record does not provide sufficient evidence to determine whether the claimant is disabled).  When the medical records do not provide sufficient information to make an informed decision, the ALJ may order a consultative examination.  *Id.* (citing 20 C.F.R. § 416.917).  "It is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision."  *Id.* (citations omitted). The Record does not provide sufficient evidence to determine whether Plaintiff is disabled.  Specifically, the medical evidence consists of a handful of visits to two doctors over the course of two years, which were given "little" or "some" weight by the ALJ.  Accordingly, the ALJ must obtain consultative examinations to determine the extent of Plaintiff's physical and mental limitations.

3.     Upon receipt of the consultative examinations, the ALJ must reformulate the RFC, and in doing so, the ALJ must (a) consider the consultative examinations ordered in Paragraph 2 of this Order; (b) include limitations related to Plaintiff's motor coordination, manual dexterity, and grip strength consistent with Dr. Price's findings (R. at 374-76), or specify why no limitations associated with Plaintiff's motor coordination, manual dexterity, and grip strength are included in the RFC; and (c) include limitations related to Plaintiff's cognitive impairments or specify why no limitations associated with Plaintiff's cognitive impairments are included in the RFC.

4.     The ALJ must propose a hypothetical to the Vocational Expert ("VE") that accounts for the limitations set forth in the reformulated RFC.

5.     The ALJ must re-evaluate Plaintiff's credibility once the consultative examinations ordered in Paragraph 2 of this Order have been received.  The ALJ may properly consider Plaintiff's work history prior to and after her alleged onset date, daily activities, subjective complaints of pain, and any other pertinent considerations.

6.      To the extent new evidence (i.e., Plaintiff's medical records from 2015) is properly before the ALJ upon remand of this matter, those medical records should be considered by the ALJ when issuing his/her decision.

IT IS SO ORDERED.

                                    /s/ Ortrie D. Smith
                                    ORTRIE D. SMITH, SENIOR JUDGE
DATE:  October 23, 2017             UNITED STATES DISTRICT COURT